1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERT MAURICIO PENATE,              Case No.  2:22-cv-00329-JDP (PC)

11                  Plaintiff,            ORDER GRANTING PLAINTIFF'S
                                          APPLICATION TO PROCEED *IN FORMA*
12          v.                            *PAUPERIS*

13   R. BURTON,                           ECF No. 2

14                  Defendant.            SCREENING ORDER THAT PLAINTIFF:

15                                            (1) STAND BY HIS COMPLAINT
                                              SUBJECT TO A
16                                            RECOMMENDATION THAT IT BE
                                              DISMISSED; OR
17
                                              (2) FILE AN AMENDED COMPLAINT
18
                                          ECF No. 1
19
                                          THIRTY-DAY DEADLINE
20

21

22

23          Plaintiff, a state prisoner, alleges that Warden Burton of the California Health Care

24   Facility violated his Eighth Amendment rights by failing to hire enough respiratory therapists.

25   ECF No. 1 at 3.  That claim is, as stated, non-cognizable.  I will give plaintiff leave to amend his

26   complaint before recommending it be dismissed.  I will also grant his application to proceed *in*

27   *forma pauperis*.

28

                                               1

1

**Screening Order**

2

**I.        Screening and Pleading Requirements**

3        A federal court must screen a prisoner's complaint that seeks relief against a governmental

4 entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5 claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6 claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7 immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11 require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13 possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17 n.2 (9th Cir. 2006) (en banc) (citations omitted).

18        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

## II.    Analysis

Plaintiff alleges that, before being transferred to CHCF, he underwent a tracheotomy. ECF No. 1 at 3.  Consequently, he claims that he required the assistance of a respiratory therapist seven days a week to operate a "Bipap machine." *Id.*  Plaintiff's allegations fall short insofar as they do not allege what personal involvement, if any, Warden Burton had in his care. Importantly, plaintiff does not allege how Burton knew of the medical shortcomings at issue. Plaintiff does claim to have filed a grievance, but he does explicitly allege that Burton was the official responsible for handling that grievance.  More broadly, I cannot tell whether Burton has (or had) the responsibility or power to grant the relief that plaintiff requests: hire more respiratory therapists or assign increased hours to those that already work at the facility.

Plaintiff may file an amended complaint that addresses these shortcomings.  If he decides to do so, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2.  Within thirty days of service of this order, plaintiff must either file an amended complaint or state his intent to stand by the current complaint, subject to a recommendation that it be dismissed for failure to state a claim.

3.  Failure to comply with this order may result in dismissal of this action.

4.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    June 30, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE